IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GABRIEL QUINTIN FRAZIER, #273939, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:21-CV-106-WHA (WO) |
| BILL FRANKLIN, et al., | ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is currently pending on an amended complaint filed by Gabriel Quintin Frazier in which he challenges conditions at the Elmore County Jail. Doc. 14.  On April 8, 2021, the court entered orders, copies of which the Clerk mailed to the plaintiff at his current address of record – the Montgomery County Detention Facility. The postal service returned these orders as undeliverable because Frazier was not present at this address.[1]

Based on the foregoing, the court entered an order noting Frazier's failure to provide a current address and requiring "that on or before May 7, 2021 the plaintiff shall file with the court a current address and show cause why this case should not be dismissed for his failure to adequately prosecute this action."  Doc. 22 at 1.  The court "specifically cautioned

---

[1] It appears that Frazier understood the necessity of providing this court with his current address as he had done so (Doc. 7).  Additionally, the records of this court indicate Frazier received an order in a separate case advising him to "immediately inform the court . . . of any change in his address as the failure to provide a correct address within ten (10) days following any change of address will result in the dismissal of [the] action.  *Frazier v. Elmore County Jail, et al.*, Civil Action No. 2:21-CV-179-WHA-SMD – Doc. 3 at 2.

[Frazier] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed before this court in an appropriate manner." Doc. 22 at 1–2. As of the present date, Frazier has failed to provide the court with his current address. The undersigned therefore concludes that this case should be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Frazier is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. It likewise appears that since his release from jail Frazier is simply no longer interested in the prosecution of this case. Thus, it appears any additional effort to secure Frazier's compliance would be unavailing and a waste of this court's scarce resources. Finally, this case cannot properly proceed when Frazier's whereabouts are unknown.

Accordingly, the undersigned concludes that Frazier's failure to inform the court of a current address as is required to adequately prosecute this action warrants dismissal of this case. The authority of courts to impose sanctions for failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.

*See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket[,]" and "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **June 17, 2021**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district

court the party may not challenge them on appeal in the absence of plain error or manifest

injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of June, 2021.

/s/  Charles S. Coody
UNITED STATES MAGISTRATE JUDGE